IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHAWN MICHAEL DICKINSON,           )
#256934,                                              )
                                                             )
     Plaintiff,                                   )
                                                             )
v.                                                           )      CASE NO. 2:21-cv-281-ECM
                                                             )                 [WO]
STATE OF ALABAMA, *et al.*,            )
                                                             )
     Defendants.                              )

## MEMORANDUM OPINION and ORDER

Plaintiff Shawn Michael Dickinson ("Plaintiff"), a *pro se* inmate in the custody of the Alabama Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 against Defendants State of Alabama, Warden Jones ("Jones"), Warden McClain ("McClain"), Captain McCorvey ("McCorvey"), Officer Blair ("Blair"), and Officer Cottrell ("Cottrell") (collectively, "Defendants"). (Doc. 1). The Plaintiff asserts violations of his constitutional rights arising out of an incident in which he allegedly was assaulted while incarcerated at Bullock Correctional Facility ("Bullock"). (*Id.*). He alleges that, in August 2019, he was attacked by unknown assailants with broom and mop handles and received a broken arm, fractured left eye socket, cracked ribs, black eyes, and several lacerations and bruises. He asserts that the Defendants failed to protect him from this assault, exhibited deliberate indifference to his serious medical needs, and treated him differently from similarly situated inmates.

On August 16, 2024, the Magistrate Judge entered a Recommendation that the Plaintiff's claims against the State of Alabama be dismissed with prejudice based on Eleventh Amendment immunity; the Plaintiff's claims against Blair be dismissed without prejudice for failure to prosecute; and the Answer and Special Report (doc. 43) filed by Jones, McClain, McCorvey, and Cottrell be construed as a motion for summary judgment, and that the motion for summary judgment be granted. (Doc. 59). The Magistrate Judge further concluded that, to the extent the Plaintiff seeks monetary damages from Jones, McClain, McCorvey, and Cottrell in their official capacities, Eleventh Amendment immunity bars those claims. On September 10, 2024, the Plaintiff filed objections to the Magistrate Judge's Recommendation and a motion for appointment of counsel. (Doc. 60). The Plaintiff does not specifically object to the recommended dismissal of the State of Alabama or the official capacity claims. (*See generally id.*).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court will construe the Answer and Special Report (doc. 43) as a motion to dismiss, and the Court will dismiss with prejudice the claims against the State of Alabama and against the remaining Defendants in their official capacities as barred by the Eleventh Amendment. To the extent the Magistrate Judge recommended that the Answer and Special Report (doc. 43) be construed as a motion for summary judgment and that Blair be dismissed for failure to prosecute, the Recommendation is due to be rejected due to an inadequate factual record and inconsistencies in the Recommendation's treatment of evidence. For these reasons, and

2

pursuant to its inherent authority to manage its docket, the Court will enter a Scheduling Order governing discovery, dispositive motions, and other pretrial deadlines.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

Upon review, the Court finds the present factual record underdeveloped and inadequate to rule on summary judgment at this stage.  For example, in a sworn statement, the Plaintiff claims that Blair and Cottrell "both observed [Plaintiff] injured, in a pool of

blood, and yet done nothing." (Doc. 1-1).[1]  But in his unsworn response to the Answer and

Special Report, the Plaintiff provides a more detailed factual narrative.  He asserts that

while Blair and Cottrell were conducting an institutional count at Bullock, he was sitting

on a wall and had approximately a pint and a half of blood dripping off his head, with at

least an eight-inch cut on top of his head, and a "big arm that was broken." (Doc. 47-1 at

1–2).   He further asserts that Blair and Cottrell did not ask if he needed medical help but

instead "counted right over Plaintiff" and still provided no help after a recount. (*Id.* at 2).

Additionally, although Cottrell signed an affidavit which was attached to the Answer and

Special Report (doc. 43), Cottrell did not address the Plaintiff's sworn statement that Blair

and Cottrell "both observed [Plaintiff] injured, in a pool of blood, and yet done nothing."

The Court acknowledges that unsworn statements in a brief may not be considered as

evidence for purposes of summary judgment—although, as explained further below, the

Recommendation considered unsworn statements from a fellow inmate while not

considering the Plaintiff's unsworn statements.  However, the Plaintiff's narrative in his

brief containing additional details from his sworn statements, along with the lack of sworn

testimony from Cottrell addressing the totality of the Plaintiff's version of events,

underscores the need for further factual development before adjudication of a motion for

---

[1]  Citing the Plaintiff's sworn statement attached to his complaint (doc. 1-1), the Recommendation states that Blair and Cottrell "observed [Plaintiff] injured, in a pool of blood, and yet done nothing." (Doc. 59 at 7).  But in the Plaintiff's sworn statement (doc. 1-1), he says that Blair and Cunningham—not Cottrell— observed the Plaintiff injured in a pool of blood. (*Id.*).  The Plaintiff requested leave to amend his complaint to substitute Cottrell for Cunningham as a party due to a clerical error (doc. 10), which the Court granted (doc. 13).  Additionally, in his unsworn response, the Plaintiff asserts that Blair and Cottrell saw him bleeding but provided no medical help. (Doc. 47-1 at 1–2).  The Defendants filed no objections to the Recommendation.

summary judgment might be appropriate.[2]   Given that further factual development is needed, the Court also declines at this stage to dismiss Blair from this action for failure to prosecute.

The Recommendation is also due to be rejected because it considers some unsworn statements for summary judgment purposes but not others, without adequate explanation for the differential treatment.  For example, in response to the Answer and Special Report, the Plaintiff submitted a response (doc. 47-1) and an affidavit from a fellow inmate, Ronald Bishop ("Bishop") (doc. 47-2).  The Recommendation states that neither the Plaintiff's statements in his response nor Bishop's statements in the affidavit are sworn or made under penalty of perjury, and thus these statements are not evidence which can be considered at summary judgment. (Doc. 59 at 5–6).  Nonetheless, the Recommendation assumed that Bishop could testify under oath as to the statements in his affidavit and considered Bishop's statements in ruling on summary judgment. (*Id.* at 6).  But the Recommendation did not

---

[2]   The Court also questions the Recommendation's conclusion that, on the current record, summary judgment is due to be granted in favor of Cottrell on the delayed medical care claim.  The Magistrate Judge concluded that "[a]bsent any allegations or evidence that Defendant Cottrell actually knew Plaintiff needed medical assistance and failed to provide such, one cannot reasonably conclude that Defendant Cottrell acted with subjective recklessness." (Doc. 59 at 30).  But the Plaintiff's current testimony, if believed, shows that Cottrell saw the Plaintiff injured in a pool of blood and did nothing—not even call for help.  On this limited record, a reasonable jury likely could conclude that Cottrell had the requisite knowledge of the risk of serious harm because the risk of harm from doing nothing upon seeing someone in a pool of blood is obvious, and that Cottrell's refusal to respond was reckless. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (explaining that subjective knowledge of the risk of harm may be shown "from the very fact that the risk was obvious"); *cf. Patel v. Lanier Cnty.*, 969 F.2d 1173, 1190 (11th Cir. 2020) (holding that a prison official's utter refusal to respond to a serious medical need amounted to "more than gross negligence" and thus deliberate indifference); *McCarley v. Dunn*, 2024 993884, at *15 (N.D. Ala. Mar. 7, 2024) (concluding that the plaintiff plausibly pleaded deliberate indifference where he alleged that the defendant saw the plaintiff bleeding profusely but "refused to provide 'any assistance at all'"; observing that, based on the complaint's allegations, the defendant did not render first aid, transport the plaintiff to the infirmary, or call for help).

5

make a similar assumption about the Plaintiff's unsworn statements (*see, e.g.*, *id.* at 12 & n.9; 27 & n.23), for reasons which are not explained or otherwise apparent to the Court. Because of this inconsistency, the Court finds that the Recommendation is due to be rejected for this additional reason.

Given the foregoing, the Court finds that the Plaintiff's objections are due to be overruled as moot.  The Court further *sua sponte* grants the Defendants permission to take the Plaintiff's deposition pursuant to FED. R. CIV. P. 30(a)(2), on or before the discovery deadline which will be set out in a separate Scheduling Order.

Finally, the Court finds that the Plaintiff's motion for appointment of counsel is due to be denied without prejudice.  "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  Pursuant to 28 U.S.C. § 1915(e)(1), this Court *may* appoint counsel for an indigent plaintiff.  The Court "has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." *Bass*, 170 F.3d at 1320 (citations omitted).  At this stage, the Court does not discern the existence of exceptional circumstances warranting the appointment of counsel for the Plaintiff.  At a later date, however, the Court may revisit the Plaintiff's request and appoint counsel for purposes of mediation, trial (if necessary), or both.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1.      The Plaintiff's objections (doc. 60) are OVERRULED as moot;

2.      The Plaintiffs' motion for appointment of counsel (doc. 60) is DENIED without prejudice;

3.      The Recommendation of the Magistrate Judge (doc. 59) is REJECTED;

4.      The Court construes the Answer and Special Report (doc. 43) as a motion to dismiss, and the claims against the State of Alabama and the remaining Defendants in their official capacities are DISMISSED as barred by the Eleventh Amendment;

5.      A separate Scheduling Order will be entered;

6.      The Defendants are permitted to take the Plaintiff's deposition pursuant to FED. R. CIV. P. 30(a)(2), **on or before November 19, 2024**;

7.      This case is REFERRED back to the Magistrate Judge for further proceedings not inconsistent with this Opinion.

DONE this 19th day of September, 2024.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE