IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAWN MICHAEL DICKINSON, #256934, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:21-cv-281-ECM-JTA ) (WO) |
| PATRICE RICHIE JONES, Warden, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Objection to Modified Scheduling Order, which contains a motion for appointment of counsel. (Doc. No. 63.) For the reasons stated below, the motion is due to be denied.

Plaintiff filed this action *pro se*, asserting claims pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights by failing to provide adequate security and delaying necessary medical care. (Doc. No. 1 at 2-3.) He is proceeding *in forma pauperis*. When a party proceeds *in forma pauperis*, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Rather, "[i]t is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.*; *see also United States v. Alford*, 816 F. App'x 375, 376 (11th Cir. 2020) ("[W]hile the court may, pursuant to 28 U.S.C. §

1915(e)(1), appoint counsel for an indigent plaintiff, the court has broad discretion in making this decision and should do so only in exceptional circumstances.").

Plaintiff seeks appointed counsel to assist him in litigating this case. He argues his ability to represent himself is hampered by the difficulties associated with his incarceration, such as delayed legal mail and lack of access to the prison law library. (Doc. No. 63.) Despite those difficulties, Plaintiff has shown he can adequately communicate with the court by "draft[ing] a [sufficiently] lucid and straightforward complaint and fil[ing] appropriate motions," briefs, and objections. *Dempsey v. Elmore*, No. CV407-141, 2008 WL 2324074, at *1 (S.D. Ga. June 5, 2008); *see also Norrell v. Phenix City Pub. Transportation (PEX)*, No. 3:24-CV-411-RAH-JTA, 2024 WL 4759771, at *2 (M.D. Ala. Nov. 12, 2024) ("Even in actions filed *in forma pauperis*, the inherent difficulties of litigating from within the prison walls do not, in and of themselves, present exceptional circumstances that entitle a litigant to counsel." (citing *Hill v. Prock*, No. 3:22-CV-866-BJD-PDB, 2024 WL 4008106, at *2 (M.D. Fla. Aug. 30, 2024)). Moreover, "'[t]his case does not appear more complex than most civil rights cases litigated by prisoners who are untrained in the law and have limited resources available to them.'" *Norrell*, 2024 WL 4759771, at *2 (quoting *Hill*, 2024 WL 4008106, at *2). Therefore, Plaintiff has not shown the hardships of litigating from prison present exceptional circumstances justifying the appointment of an attorney.

Plaintiff also seeks counsel to assist with litigation because his "sight vision is low," so he "can't read and write." (Doc. No. 63 at 2.) He alleges "random people help [him] due to lack of [access] to [l]egal [s]ervices," but, because the prison law library is continually

2

closed, the "[c]lerks in the [l]aw [l]ibrary … are unable to [p]rovide [s]ervice." (*Id.*) Plaintiff's contention he needs others to assist him with his written submissions is supported by the fact that the handwriting (and typewriting) in his filings is markedly varied. As indicated by those same filings, his vision problems do not constitute exceptional circumstances preventing him from litigating his case *pro se*. Thus, Plaintiff is not entitled to appointment of counsel due to his limited vision. (*See* Doc. No. 61 at 6-7 (September 19, 2024 Memorandum Opinion and Order of the District Judge denying one of Plaintiff's previous motions for appointment of counsel (Doc. No. 60) in which Plaintiff contended he needed counsel appointed because of his vision problems and their effect on his ability to write).)

In sum, at this stage of the proceedings, the undersigned does not find sufficient reason under § 1915(e)(1) to appoint a lawyer to represent Plaintiff for the purpose of litigating this case. Nothing in this Order precludes Plaintiff from moving for other accommodations for his alleged vision problems, such as additional time for completing briefing on the pending summary judgment motion.[1] In addition, nothing in this Order precludes Plaintiff from moving for appointment of counsel at an appropriate juncture, such as an evidentiary hearing or trial that requires more than written briefing and submission of evidence in written form.[2] Further, nothing in this Order shall affect the operation of the December 23, 2024 Order appointing a volunteer from the Pro Se

---

[1] Nothing in this Order obligates the court to grant such accommodations.

[2] Nothing in this Order obligates the court to grant such a motion.

Assistance Program ("PSAP")[3] "for the "limited purpose of preparing for and participating in mediation." (Doc. No. 77.)

Accordingly, it is

ORDERED that Plaintiff's motion to appoint counsel (Doc. No. 63) is DENIED.

DONE this 30th day of December, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] PSAP volunteers are not appointed as counsel to litigate on behalf of *pro se* parties. https://www.almd.uscourts.gov/prose/pro-se-assistance-program. Even attorneys serving in the capacity of PSAP volunteers are precluded from "appear[ing] in court on [a litigant's] behalf," acting on a litigant's behalf by "research[ing], writ[ing], or fil[ing] documents for" the litigant, "conduct[ing] any investigation into the facts of [a litigant's] case[,] and/or negotiat[ing] with the opposing party, except in the Assisted Mediation Program." *Id.*